People v Porchea (2022 NY Slip Op 02700)

People v Porchea

2022 NY Slip Op 02700

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

351 KA 18-00715

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EVERSON I. PORCHEA, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered February 7, 2018. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of robbery in the first degree (Penal Law § 160.15 [4]). Preliminarily, as defendant contends and the People correctly concede, the record does not establish that defendant validly waived his right to appeal. County Court's "oral waiver colloquy and the written waiver signed by defendant together 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Shanks, 37 NY3d 244, 253 and n [2021]; People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Although we are thus not precluded from reviewing defendant's challenge to the severity of his sentence, we nevertheless conclude that the negotiated sentence is not unduly harsh or severe.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court